NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1596
_____

JOAN E. QUINN, Individually and as Personal Representative of the Estate of James
Albert Quinn, Deceased; JAMES ARNOLD QUINN; ELIZABETH QUINN;
STEPHANIE PFEILSTICKER; SARAH QUINN; ERIN QUINN,

Appellants

v.

AVCO CORPORATION; LYCOMING ENGINES; CONTINENTAL MOTORS, INC.;
TELEDYNE CONTINENTAL MOTORS, INC.; BENDIX CORPORATION; ALLIED
SIGNAL, INC.; HONEYWELL INTERNATIONAL, INC.
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-15-cv-1005)
District Judge: Honorable Richard G. Andrews
_____

Argued on March 23, 2023

Before: RESTREPO, PHIPPS, and ROTH, *Circuit Judges*

(Opinion filed: November 14, 2023)

Cynthia M. Devers [Argued]
Devers Miska Law
Two Bala Plaza
Suite 300
Bala Cynwyd, PA 19004

    *Counsel for Appellants*

Andrea S. Brooks
Wilks Law, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805

John S. Bagby, Jr. [Argued]
Bagby & Associates, LLC
43 Leopard Road, Suite 301
Paoli, PA 19301

  *Counsel for Appellee Continental Motors, Inc.*

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*.

This action arises from a plane accident ("Accident") that fatally injured the pilot, James Quinn, and flight instructor, Robert Groh. Appellants challenge the District Court's grant of summary judgment in favor of Appellee Continental Motors, Inc. ("Continental"). Summary judgment was granted on the basis that the 18-year statute of repose contained in the General Aviation Revitalization Act of 1994 (GARA), Pub. L. No. 103-298, 108 Stat. 1552 (1994) (codified at 49 U.S.C. § 40101 note), barred Appellants' claims against Continental. We agree and therefore affirm.

## I.   BACKGROUND

The tragic Accident, which occurred on November 5, 2013, involved a Piper aircraft (the "Aircraft") (also known as a Piper Saratoga). The Aircraft was manufactured

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

by Piper Aircraft Corporation in 1980 and was delivered to its first purchaser on November 3, 1980.

As the District Court explained, Appellants contend that "because of a defect in the magneto, the engine failed to produce enough power, causing the crash." A1066. Specifically, Appellants allege the Accident occurred "due to the failure of the engine caused by the rubbing of the magneto rotor against the pole shoes." Appellants Br. 4 (citing A322-23). Appellants brought claims against Continental for strict liability, negligence, breach of warranty, negligent infliction of emotional distress, survival, and wrongful death.

The engine, which was designed and manufactured by AVCO Corp. and Lycoming Engines (collectively "Lycoming"), was equipped with a Kelly Aerospace dual magneto ("Magneto"), which provided electrical energy to the engine's ignition system. The Magneto was originally designed by Bendix Corporation. Continental later acquired the Bendix magneto product line and began manufacturing the magnetos. Continental rebuilt the Magneto in 2002, and Kelly Aerospace overhauled and reassembled the Magneto in 2004 and installed it on the Aircraft on or about June 17, 2004.

Appellee filed in the District Court a motion for summary judgment or, in the alternative, motion for partial summary judgment and a motion to strike sham declarations. In its motion for summary judgment, Continental argued, among other things, that Appellants could not prove that the Magneto caused the Accident, and in any event, that Appellants' claims are barred by GARA's 18-year statute of repose.

3

Continental argued that GARA's statute of repose barred Appellants' claims because: (1) the Aircraft was a general aviation aircraft for purposes of GARA; (2) Continental was being sued in its capacity as a manufacturer of the Magneto; and (3) the Accident occurred more than 18 years after the delivery of the Aircraft to its first purchaser.

Following a hearing and supplemental briefing, the District Court granted Continental's motion for summary judgment on the ground that Appellants' claims were barred by GARA's 18-year statute of repose against aircraft manufacturers. The Court pointed out that the "aircraft was delivered to its first purchaser on November 3, 1980 -- almost 33 years before the Accident," and therefore "the [18-year] statute of repose for the aircraft as a whole has run."[1] A1072. Viewing the evidence in the light most favorable to Appellants, since GARA's rolling provision was not triggered and the 18-year limitation period began in 1980, the Court entered Judgment in favor of Continental.[2]

Following the granting of Continental's summary judgment motion, Appellants filed a motion for re-argument. Continental responded to Appellants' motion for re-

---

[1] The Court further pointed out that GARA contains a "rolling" provision: If a "new component, system subassembly or other part which replaced another component, system, subassembly or other part originally in . . . the aircraft" is alleged to have caused the crash, then the statute of repose begins "on the date of completion of the replacement or addition." A1072 (quoting GARA § 2(a)(2)). However, the District Court concluded that GARA's rolling provision did not apply here, and Appellants do not challenge that ruling on appeal.

[2] Although the District Court also found partial summary judgment in favor of Continental was warranted even if GARA did not bar Appellants' claims entirely, and the Court also denied Continental's aforementioned motion to strike sham declarations, those rulings are not on appeal before us.

4

argument, by, among other things, arguing that it was acting in its capacity as a manufacturer when it rebuilt the Magneto.   Continental pointed out that there was no dispute that only a manufacturer can rebuild a part under the Federal Aviation Regulations.   Therefore, the act of rebuilding a component is an activity that is within the exclusive province of an aviation manufacturer.

The District Court then granted re-argument on the portions of Count Five of Appellants' operative Complaint that alleged negligence "against Continental as a rebuilder and a seller." A1175.  In particular, the Court granted re-argument on three issues: (1) whether the phrase "capacity as a manufacturer" includes a manufacturer acting as a rebuilder or a seller; (2) the status of Appellants' claims against Continental in its capacity as a rebuilder; and (3) the status of Appellants' claims against Continental in its capacity as a seller. *Id.*  Following further supplemental briefing, the District Court reaffirmed its conclusion that Appellants' claims were barred by GARA's statute of repose, and the Court reaffirmed its Judgment in favor of Continental and against Appellants.

Appellants raise the following issue on appeal: "Whether the trial court erred in granting summary judgment and denying [Appellants'] Motion for Reargument pursuant to [GARA] for claims made against [Continental] *outside of its capacity as a manufacturer*, which are not preempted under GARA, in violation of [*Sikkelee v. Precision Airmotive Corp.*, 907 F.3d 701, 711 (3d Cir. 2018)]." Appellants Br. 2-3 (emph. added).

5

## II. DISCUSSION[3]

GARA contains a statute of repose that, with certain exceptions, bars suits against airplane manufacturers brought more than 18 years after the delivery date to an initial purchaser of the aircraft. *Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 165 (3d Cir. 2006) (citing GARA § 2(a)). In particular, GARA provides that

> . . . no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, *in its capacity as a manufacturer* if the accident occurred . . . after the applicable [18-year] limitation period beginning on . . . the date of delivery of the aircraft.

*Id.* at 165 n.3 (quoting GARA § 2(a)) (codified at 49 U.S.C. § 40101 note 2(a)) (emph. added); *see id.* (citing GARA § 3) (GARA defines "limitation period" as "18 years with respect to general aviation aircraft and the components, systems, subassemblies, and other parts of such aircraft."). "GARA was adopted to limit the 'long tail of liability' imposed on manufacturers of general aviation aircraft." *Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680, 696 (3d Cir. 2016) ("*Sikkelee II*") (citing *Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 951 (9th Cir. 2008)).

Appellants argue that separate and apart from Continental's role as a manufacturer, Continental wears an entirely different hat, as a provider of maintenance

---

[3] The District Court had jurisdiction over this case under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo," applying "the same standards and presumptions as the District Court." *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 249 (3d Cir. 2019).

services. They claim it was in that capacity that Continental rebuilt and sold the Magneto and its component parts in 2002. Therefore, Appellants argue the District Court erred in finding that Appellants' claims connected with Continental's 2002 rebuild and sale are barred under GARA's statute of repose, which is a defense only available to manufacturers operating in their capacity as manufacturers. *See, e.g.,* Appellants Br. 12 (quoting 49 U.S.C. § 40101, note) ("The plain language of GARA affords protection only to a 'manufacturer acting in its capacity as a manufacturer.'"). Thus, the determinative issue here is whether Continental was acting "in its capacity as a manufacturer" when it rebuilt the Magneto.[4]

Continental persuasively argues that a defendant is acting "in its capacity as a manufacturer" when it engages in conduct that is exclusively reserved to aviation manufacturers. As Continental points out, federal regulations dictate that only a manufacturer may "[r]ebuild or alter any appliance or part of aircraft, aircraft engines, propellers, or appliances manufactured by [it] under a Technical Standard Order Authorization, an FAA-Parts Manufacturer Approval, or Product and Process Specification issued by the Administrator." 14 C.F.R. § 43.3(j)(2). Indeed, Appellants do not dispute that Continental holds Parts Manufacturing Authority to the Magneto, the FAA regulations state that rebuilding a part is an activity that is within the exclusive province of an aviation manufacturer, and rebuilding dual magnetos is an activity that is

---

[4] There is no dispute that the Aircraft was a general aviation aircraft for purposes of GARA, and that the aircraft was delivered to its first purchaser more than 18 years before the Accident.

7

exclusively reserved to manufacturers, such as Continental. Therefore, in producing the rebuilt Magneto, Continental was acting in its capacity as a manufacturer because it was engaging in conduct that was exclusively reserved to manufacturers by the Federal Aviation Regulations.

Appellants argue on appeal that GARA's plain language affords protection only to a manufacturer acting in its capacity as a manufacturer and there is no mention of rebuilders or sellers of aircraft parts. Their argument continues that had Congress wanted to shield rebuilders and sellers, it could have included them. However, as the District Court pointed out, "[i]f only manufacturers can rebuild aircraft parts, then it was unnecessary for Congress to separately reference 'rebuilders' in the statute. All 'rebuilders' are 'manufacturers.'" A1210 n.3.

Contending that GARA's plain language is not clear as to its application here, Appellants further argue that we may look to GARA's legislative history. They claim that "the legislative history is clear that manufacturers are not immunized by performing activities outside of *manufacturing* (such as maintenance services and part sales)." Appellants Br. 13 (emph. added). Initially, we note that GARA does not say merely that manufacturers are immunized by performing "manufacturing," as Appellants seem to contend. Rather, GARA sets forth limitations on civil actions brought for damages against a manufacturer "in its capacity as a manufacturer." Here, Continental was acting in its capacity as a manufacturer in producing the rebuilt Magneto, as only the manufacturer may rebuild the Magneto under the FAA regulations.

In support of Appellants' position, they point to H.R. REP. 103-525(II):

> The [limitation regarding a manufacturer in its capacity as a manufacturer] is intended to insure that *parties **who happen to be manufacturers** of an aircraft or a component part are not immunized from liability they may be subject to in some other capacity.* For example, *in the event a party who happened to be a manufacturer committed some negligent act as a mechanic* of an aircraft or as a pilot, and such act was a proximate cause of an accident, *the victims would not be barred from bringing a civil suit for damages against that party in its capacity as a mechanic.*

*See* Appellants Br. 13 (quoting HR. REP. 103-525(II)) (emph. added by Appellants) (bold added). However, here, the challenged performance was Continental providing the rebuilt Magneto, an activity that is exclusively reserved to Continental as a manufacturer, and such activity was performed "in its capacity as a manufacturer." It did not just "happen to be [a] manufacturer[]." In this case, the rebuilding of the Magneto was performed by Continental *because* it was the manufacturer, i.e., in its capacity as a manufacturer.

Appellants cite *Sikkelee v. Precision Airmotive Corp.*, 907 F.3d 701 (3d Cir. 2018) ("*Sikkelee III*"), in support of their position, but *Sikkelee III* is distinguishable from the appeal before us and does not support Appellants' position. The issue in *Sikkelee III* did not involve application of the statute of repose, but rather, addressed the application of the conflict-preemption defense under the doctrine of impossibility-preemption as to federal and state law. *Id.* at 709. Perhaps most significantly, regarding the application of the *Sikkelee* line of cases to this appeal, is the recognition and clarification in *Sikkelee II* that "where GARA's statute of repose has run . . . state law claims [are] preempted."

9

*Sikkelee II*, 822 F.3d at 697.  As explained above, in this case the statute of repose had expired by the time of the Accident and Appellants claims are barred.

The District Court correctly interpreted GARA's plain language to determine that Appellants' claims are barred by GARA's 18-year statute of repose.  Continental was acting "in its capacity as a manufacturer" when it rebuilt the Magneto in 2002. Accordingly, we affirm.